**Jessie L. HALL, Appellant,**

v.

**ALDINE INDEPENDENT SCHOOL DISTRICT and Harris County, Texas, Appellees.**

**No. 01–01–01005–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 27, 2002.

Stephen N. Riner, Law Office of Stephen N. Riner, Barker, for Appellant.

Ernest C. Garcia, Linebarger, Goggan, Blair, Pena & Sampson, LLP, Austin, Leslie W. Taylor, Houston, for Appellee.

Panel consists of Justices HEDGES, KEYES, and EVANS.*

## OPINION

EVELYN V. KEYES, Justice.

Jessie L. Hall appeals the trial court's decision to award Aldine Independent School District and Harris County, Texas ("the Taxing Units") the excess proceeds from the tax sale of her real property. She contends the 1999 amendments to the Property Tax Code are unconstitutional because they allowed the trial court to "reopen" her tax judgment and award additional moneys to the Taxing Units. We affirm.

## Background

The Taxing Units filed a tax suit against Eldon Neal Hall and Jessie L. Hall in an attempt to collect delinquent taxes on Lots 150, 151, and 152 of Kenwood Place for the tax years 1990 through 1996. On July 25, 1997, the trial court entered a default judgment against the Halls.[1]

In November 2000, the three lots were purchased during a foreclosure sale for $18,808.63 more than the amount owed in the 1997 default judgment. The Taxing Units filed a petition to recover the excess proceeds to pay the delinquent post-judgment taxes on the three lots from 1997 through 2000. Hall also filed a petition to recover the excess proceeds from the tax sale. After a hearing before a tax master, the master recommended to the trial court that the proceeds be disbursed to the Taxing Units. The trial court denied Hall's petition and awarded the excess proceeds to the Taxing Units to satisfy post-judgment taxes, penalties, and interest due on the three lots, with the balance of the excess proceeds to be disbursed to Hall.

## Constitutionality of the Property Tax Code

In her sole point of error, Hall argues that the 1999 amendments to the Property

---

* The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Eldon Hall died on February 6, 2000, and Jessie Hall succeeded to his interests in the property.

Tax Code are unconstitutional because they, "in effect, directed the district court to re-open the July 25, 1997 tax judgment, grant the Taxing Units claimant status under Section 34.04(c) which they did not enjoy prior to the 1999 amendment, and allow the Taxing Units to assert new tax claims for the years 1997 through 2000."

**Standard of Review**

 In reviewing a constitutional challenge to a statute, we begin with the presumption that the statute is valid. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). In addition, the one who challenges the statute bears the burden of establishing that it is unconstitutional. *Moore v. State*, 981 S.W.2d 701, 707 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd).

**Pre–1999 Amendments**

Hall argues that, before the 1999 amendment, section 34.02(c) of the Property Tax Code provided that a "claimant" might make application for withdrawal of the excess proceeds from a tax sale and that the Taxing Units were not considered "claimants." *See* TEX. TAX CODE ANN. § 34.02(c) (Vernon 1992). Hall cites *Syntax, Inc. v. Hall*, 899 S.W.2d 189 (Tex. 1995) to support her argument that the Taxing Units were not claimants under the pre–1999 Code. While *Syntax* does state that "there is no statutory authority under section 34.02 for distribution of *excess* proceeds to any taxing authority," the case is clearly referring to money in excess of that necessary to pay off the tax debt. *See id.* at 191. In fact, the case specifically states that "taxing authorities are not (nor should they be) in the business of buying and selling real estate for profit." *Id.* Here, unlike in *Syntax*, the Taxing Units did not attempt to sell the real estate for profit. They merely attempted to use the tax sale proceeds to pay off the taxes that accrued

after the default judgment, but before the property was sold.

Hall next argues that the tax judgment incorporated "the law in effect at that time." She refers us to the following excerpt from the tax judgment:

It is further ORDERED by the Court that execution and order of sale be issued at the request of the taxing jurisdictions, commanding the Sheriff or any Constable of Harris County to seize and sell the property as under execution and that the proceeds of such sale be applied first to the costs of making said sale and costs of Court and then to the payment of the judgments herein recovered and the balance, if any, to the *person or persons legally entitled thereto.*

(Emphasis added.) Hall contends that when the judgment was entered, she and her husband were the "person or persons legally entitled" to the balance.

In reality, when the judgment was entered, there were no proceeds from the sale because the property had not been sold. The property was not sold until more than three years after the judgment was entered. The right or claim to any excess proceeds did not exist until November 2000, which was after the effective date of the 1999 amendments. Also, the tax judgment stated that "entry of this judgment does not constitute an agreement by the [Taxing Units] to sell this property to relieve the [Halls] of any further liability for taxes which may accrue on the subject property *after the entry of this judgment.*" (Emphasis added.) Therefore, the Halls were on notice that they would continue to be taxed on the property until it was sold.

**The 1999 Amendments**

 In 1999, the Legislature passed Acts 1999, 76th Leg., ch. 1481, effective Sept. 1. Section 26 directed the district courts to disburse the excess proceeds to

"a taxing unit for any taxes, penalties, or interest that have become due or delinquent on the subject property subsequent to the date of the judgment." Section 48 of the 1999 amendments further provided that "the changes in law made by Section 26 of this Act apply to the disposition of excess proceeds of a property tax foreclosure or summary sale paid into court regardless of the date on which the sale occurred or the date on which the proceeds were paid into the court." Because of section 48, section 26 is applicable to every tax sale regardless of when the underlying tax judgment was entered.

Hall argues,

[The] effect of Section 48 is to allow the Taxing Units to re-open and increase the July 25, 1997 tax judgment to include the 1997 through 2000 taxes without the necessity and inconvenience of bringing another suit. Section 48 directly violates Tex. Const. Art. 5, Section 1, the very purpose of which is to forbid legislation that directs re-adjudication of the merits of cases already disposed of by the courts.

This is not what occurred. The tax judgment provided that Hall.was required to pay any additional taxes that accrued on the property until it was sold. The property was not sold for three years; therefore, Hall was responsible for the property taxes from 1997 through 2000, when the property was sold.

Hall has failed to rebut the presumption that the statute is valid and has failed to establish that the 1999 amendments to the Property Tax Code are unconstitutional. *See Nootsie,* 925 S.W.2d at 662; *Moore,* 981 S.W.2d at 707. Accordingly, we overrule her sole point of error.

We affirm.